IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY D. ALEXANDER,

    Plaintiff,                    No. CIV S-03-1014 LKK KJM P

    vs.

LT. PLAINER, et al.,                ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro sec with a civil rights action under 42 U.S.C. § 1983. Defendants Stiles, Plainer, Aguilera, Iannone and Nichols have filed a motion to dismiss, alleging that plaintiff has failed to exhaust his administrative remedies.

I. Background

        On March 4, 2004, this court filed findings and recommendations recommending the action be dismissed because plaintiff had not served his opposition to the motion to dismiss and his request for a temporary restraining order on defendants. Plaintiff sought several extensions of time in which to file objections, often supported by inadequate certificates of service. Nevertheless, on April 6, 2005, plaintiff filed his objections with a copy of his legal mail log, showing that he sent mail to the Attorney General on February 14, 2005. This action

/////

appears to have been taken in response to the court's order of February 4, 2005, directing plaintiff to serve defendants' counsel with his opposition and his request for injunctive relief.

In light of plaintiff's objections, the court vacates its findings and recommendations of March 4, 2005.

II.  The Motion To Dismiss

The Prison Litigation Reform Act (PLRA) provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

28 U.S.C § 1997e(a).

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust.  Id. at 1119.

The California prison grievance procedure has several layers, culminating in the third, or Director's, level review.  Cal.Code Regs tit. 15, §§ 3084.1- 3084.5.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims, unless a step of the grievance process is not available to plaintiff.  Cal. Code Regs. tit. 15, § 3084.5.

In his amended complaint plaintiff alleges that defendants Nichols, Aguilera, Iannone and Stiles used excessive force against him.  Amended Complaint (Am. Compl.) at 3-4.  Later, defendant Plainer offered to return some of plaintiff's missing property if plaintiff did not pursue his grievance about the incident.  Am. Compl. at 5.  Defendants concede that plaintiff filed an initial grievance about the alleged use of force and attempt to dissuade him from

following the process to its conclusion, for they have submitted copies of the initial grievance, assigned HDSP Log No. 02-02235, and the response from the first and second levels of the administrative process. Motion to Dismiss (MTD), Ex. A ("602" form dated 12/8/02; First Level Response, dated 1/2/03; request for second level review (on the original 602 form), dated 1/19/03; second level response dated 1/30/03, which was returned to plaintiff on 2/5/03). Defendants argue, however, that plaintiff failed to exhaust his administrative remedies because he did not secure a decision at the third level. MTD at 4. They support their argument with the declaration of N. Grannis, the Chief of the Inmate Appeals Branch (IAB), who directed an unsuccessful records search of IAB records for any grievance presented by plaintiff concerning discrimination, excessive force or cruel and unusual punishment. MTD, Ex. B, Declaration of N. Grannis (Grannis Decl.) ¶ 2. Grannis avers that plaintiff's only grievance to reach the third level in 2002 concerned custody and classification. Grannis Decl. ¶ 3.

In support of his opposition to the motion, plaintiff has attached a copy of the 602 form, with section H, for third level review, filled in and dated February 6, 2003, and date stamped "received" March 26, 2003 by the IAB. Opposition (Opp'n), Ex. B. He also has attached a copy of a letter from the IAB, dated April 9, 2003, returning the "enclosed documents" because the appeal had not been submitted in a timely fashion. The letter lists "Institution Appeal Log #HDSP 02-2235 Staff Complaint" in its subject line. Opp'n, Ex. C. Plaintiff explains he mailed the appeal in a timely fashion, but it was returned to him for extra postage after the time for the appeal had expired. Opp'n at 6:25-28 & Ex. D (portion of envelope). Defendants have not replied to the opposition and so have not addressed plaintiff's claims.

In Ngo v. Woodford, ___ F.3d ___, 2005 WL 674707 (9th Cir. 2005), the Ninth Circuit held that an inmate has exhausted all available remedies even when a grievance is rejected as time-barred because no further level of appeal remains in the prison grievance system. 2005 WL 674707 at *10. Thus, even if plaintiff's timely attempts to mail his grievance were insufficient, under the rationale of Ngo plaintiff exhausted all available administrative remedies

when the IAB rejected his appeal as untimely.

Accordingly, defendants have not borne their burden of showing plaintiff failed to exhaust his administrative remedies. <u>Wyatt v. Terhune</u>, 315 F.3d at 1119.

III. <u>Request For Injunctive Relief</u>

Plaintiff alleges various officers have harassed and threatened him in an attempt to persuade him to drop his lawsuit. In the declaration in support of his motion, he alleges that Flores, McGraw and Kul mistreated him after he took an overdose of pills.

Plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. <u>See</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969).

IT IS HEREBY ORDERED that the findings and recommendations of March 4, 2005 are vacated.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 12, 2004 request for injunctive relief be denied.

2. Defendants' July 14, 2004 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////
/////
/////
/////
/////
/////

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  April 25, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
alex1014.57x2